opinion of the court
Edward J. Greenfield, J.
Plaintiff moves for & protective order pursuant to CPLR 3103 (subd [a]) to terminate her examination before trial because of harassment, intimidation and embarrassment, or alternatively,' limiting further inquiry into plaintiff’s sex life, family history, and the subject matter of previous psychiatric consultations.
Defendant Janulis cross-moves for an order compelling continuation of the examination and requiring plaintiff to respond to the questions put to her. Defendant Roche Laboratories cross-moves to an order compelling plaintiff to answer and for the appointment of a referee to supervise further deposition.
This is an action by plaintiff, an author and television producer against Dr. Peter Janulis, her former psychiatrist, for malpractice in having prescribed excessive *689 amounts of the drug Valium and then causing her to discontinue it abruptly causing severe psychological problems and institutionalization, and against Roche Laboratories for product liability in manufacturing and distributing Valium without ascertaining its dangers and without warning the public of its harmful side effects.
The examination before trial of Ms. Gordon has gone on intermittently for over a year, has engendered up to 1,000 pages of transcript, which counsel informs the court has barely scratched the surface and has resulted in previous applications before Justices Hughes, Sherman, Sutton, Evens, Asch, Tierney, Williams, Ostrau, Gabel and Maresca without resolving the issue. It will go no further.
Plaintiff has written a book about her experiences with Valium, entitled “I’m Dancing as Fast as I Can.” She spent 13 years under the psychiatric care of Dr. Janulis. During that period, she obviously related to him many of the most intimate details of her life, and dealt with the psychological problems that troubled her. While Dr. Janulis prescribed Valium, it was not until after she totally ceased taking it that she was hospitalized. Defendants contend that her extreme reactions were not the result of the cessation of the drug, but rather were caused by her being held captive in her apartment by a lover for 55 days while subjected to sado-masochistic treatment. They further contend that in the deposition they have to establish her “base-line psychiatric profile” to demonstrate that her claimed difficulties and condition pre-existed and were independent of her use of Valium.
Accordingly, counsel for defendants have attempted to ask during the examination before trial not only all the details of what plaintiff told her psychiatrist during the course of her 13-year treatment, but the facts about her childhood, her mother and father, her relationships with various men, her dreams and her fantasies. Questions have been put to her about masturbation, about her orgasms, her sexual partners, the details of her dreams, and the like. Plaintiff’s counsel has directed her not to answer.
Of course, when a plaintiff sues for psychiatric malpractice, and particularly when she has written a book describing her experiences with uninhibited sexual candor, she *690 cannot claim reticence to discuss those issues that are germane to the case because they are “embarrassing”. Blushing modesty must sometimes shed its robes at the courtroom door. One cannot assert a claim and then refuse to discuss any details about it. That does not mean however that “everything goes”. There are still limits of decency and propriety, and certainly they are not to be transgressed when not necessary to an understanding of the central issues in a case. Relevancy is a more potent censor than prudery or delicacy.
Defendants urge that when a psychiatric condition is the basis of a lawsuit, “all aspects of a plaintiff’s past life are in issue.” Thus, in this case about the prescription of drugs, they claim to be entitled to inquire about the drinking habits of her parents, her childhood feelings, her reactions to the sight of her father nude, her anxieties, her fears, her sexual reactions, her fantasies, and all she revealed about her love affairs in her confessions to her psychiatrist. The areas of inquiry would thus be virtually without limitation. The court cannot agree.
To permit unlimited inquiry into all aspects of a psychiatric patient’s life would open the door to an unending and unnecessary inquisition. If counsel is to be permitted to ask not only for a narration of focal events, but to probe about one’s inner life, emotions, tensions, and anxieties, the examination before trial would tend to duplicate the 13-year session of psychiatric therapy. A law degree and a certificate of admission to the bar does not qualify an attorney to become a substitute Freud and to evoke from a witness the candor of the couch. Litigation and therapy call for differing disciplines.
There is no issue in this case about a faulty diagnosis — no charge that Dr. Janulis failed to note and grapple with the symptoms and conditions plaintiff disclosed. He found certain psychosexual disorders, and there is no necessity for all that led him to his conclusions to be reviewed and rehashed by attorneys. What is at issue is the treatment he prescribed — the use, and then the abrupt cessation of Valium. While the plaintiff’s pleadings and bill of particulars were so vague and broad that they could have been construed to cover any aspect of the doctor’s care and *691 treatment of plaintiff, and his counsel felt the necessity of going over every detail of each session over a 13-year period, this has been obviated by what occurred on the argument of this motion. The court asked and plaintiff’s counsel agreed that the claim herein is limited to the prescription of the drug, his supervision of its results and effects, and the propriety of suddenly cutting off its use as he allegedly did. Plaintiff will serve a supplemental bill of particulars so limiting the claim. The defendant doctor should already have more than ample information in his file and in his hospital records if he contends plaintiffs complaints had their origin in other causes or antedated the use and cutoff of the drug.
The court has reviewed the transcript of the deposition and concludes that the questions of defendants’ counsel were overly broad and intrusive. At the same time, the court notes that plaintiff’s counsel was unduly obstructive, and made it difficult to obtain answers even to properly framed questions. Accordingly, this court will grant plaintiff’s motion for a protective order limiting the inquiry of defendants as heretofore noted, denying that portion of the order seeking to terminate the deposition, and will grant the cross motions to the extent of requiring a private referee to supervise the concluding of the deposition. Of course, the deposition of Dr. Janulis will be similarly limited to the issue of the propriety of the use of the drug Valium for the condition for which he was treating plaintiff.